HUGH ABNEY

v.

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*when State is not liable.* The State in conducting the Soldiers and Sailors Home at Quincy, Ill., exercises a governmental function and is not liable for injuries sustained by its employees while performing their duty.

SOCIAL JUSTICE AND EQUITY—*when claimant entitled to an award.* Under the facts proven the Court as an act of social justice and equity recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

The claimant, while employed by the State at the Illinois Soldiers and Sailors Home at Quincy, Illinois, on January 12, 1919, in the performance of his duty in disinfecting the hospital ward furniture with a spray pump and liquid disinfectant supplied by the authorities of said hospital, was injured by the disinfectant from said spray lodging in his left eye. He was treated in said hospital by the hospital physicians and also taken to St. Mary's Hospital at Quincy, for treatment. On February 18, 1919, it became necessary to remove said eye, and on said date claimant submitted to an operation in said hospital and his left eye was removed in order to save the sight of his right eye, and on March 24, 1919, claimant was fitted with a glass eye, which he now wears. Claimant receives a salary of $63.00 per month; is a married man, and has one son, aged four and one-half years. Claimant expended $131.00 for hospital expenses and medical services and claims $2,000.00 for damages for the loss of said eye, making a total claim of $2,131.00.

The State, through the Attorney General, has set up the defense that the doctrine of respondeat superior does not apply to the State, and that the State in conducting the Soldiers and Sailors Home at Quincy, Illinois, is exercising a governmental function, and that therefore the State is not liable for the injuries of those it employs.

These contentions have been repeatedly upheld under former decisions of this Court, and under such rulings, this Court holds that the State is not liable to the claimant in this case.

Said claim is therefore rejected.

The Court, however, under the facts in this case, believes that as an act of social justice and equity, claimant should receive some compensation for his injury.

The Court therefore recommends to the Legislature an appropriation to claimant of the sum of two thousand one hundred and thirty-one and no/100 dollars ($2,131.00), in full payment for disbursements and injuries in this cause.